FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 23 2013

CENTRAL DISTRICT OF CALIFORNIA
BY shey          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

MEGA BRANDS INC. and MEGA BRANDS AMERICA, INC.,

Plaintiffs,

v.

AMLOID CORPORATION,

Defendant.

Case No.:SACV 13-00108 CJC (AN)

# [~~PROPOSED~~] CONFIDENTIALITY ORDER

GOOD CAUSE STATEMENT:

In this case, the parties are direct competitors with respect to the products at issue. The discovery in this case may call for each side to reveal the quantity of its sales, its strategies for trademarks and marketing, and the identity of customers. Further, each side will likely be required to provide information regarding its revenues, costs, and profits. A disclosing party would be put at an unfair

competitive disadvantage if it were required to reveal these matters to a competitor.

Further, the documents to be exchanged in this case contain certain information that may implicate the right to privacy or trade secret privileges with respect to third parties such as the parties' vendors, customers, and employees. The parties wish to protect these third parties from unwarranted intrusion into their privacy and finances, and from potentially disclosing third party financial information and trade secrets.

It appears that the parties have need for a Confidentiality Order for identifying, protecting and restricting the publication and use of confidential information, documents and testimony produced in discovery in this matter. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

1. All Classified Information, as defined below, produced or exchanged in the course of this litigation shall be used solely for the purpose of the prosecution, defense, settlement or trial of this action, and shall not be used by the receiving party for any other purpose whatsoever, including, without limitation, any patent applications, business use or commercial use, and shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by either party. In connection with discovery proceedings in this action, a party may designate any document, record, thing, or other material, produced by either party, containing confidential information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only,"

including, but not limited to, any documents, deposition testimony and transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, subpoenas *duces tecum*, and requests for admission, and any other information or material produced pursuant to the rules of civil procedure applicable in this action. Confidential information concerning a party produced in response to a third party subpoena may be similarly designated by either party, or by that third party before production.

3. All materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Order, the information contained therein, and any summaries, copies, abstracts, or other materials derived in whole or in part from such material, shall be treated as Classified Information as set forth in this Order.

4. In designating information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the designating party will make such designation only as to that information or material that it in good faith believes constitutes or contains non-public, personal, proprietary, or confidential information that is treated by the proprietor thereof as such information, including, but not limited to business, financial, technical, research, development, customer, product or other commercial information, including intellectual property and trade secrets, that the designating party believes in good faith requires the protections of this Order.

Nothing shall be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information if it is information that: (a) is in the public domain at the time of disclosure, as evidenced by a written document; or (b) becomes part of the public domain through no fault or action by the receiving party, as evidenced by a written document.

However, if any Classified Information becomes "publicly available" as the result of a breach or violation of this Order, or as the result of some other

improper or inadvertent conduct, the parties shall nonetheless continue to treat such information as designated under this Order.

Nothing shall be designated as "Highly Confidential - Attorneys' Eyes Only" information except information of a business sensitive nature, which, if disclosed, would reveal technical or business advantages of the producing or designating party.

5. Classified Information being produced to a party in discovery shall be so designated by stamping or otherwise marking copies of the material with the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Stamping or marking the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" on the cover of any multi-page document (except depositions, responses to interrogatories, responses to requests for admissions and similar discovery responses) shall designate all pages of the document as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," unless otherwise indicated by the producing party. Designations of deposition testimony shall be governed by Paragraph 7. Designations of subpoenaed materials shall be governed by Paragraph 8. With respect to designations for interrogatory responses and responses to requests for admission, the responding party shall state, in the body of the discrete discovery response being designated, that it contains Classified Information. Only those discrete interrogatory responses and responses to requests for admission specifically designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in this action shall be deemed Classified Information.

6. The producing party shall designate any Classified Information or material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" at the time of producing such information. Nevertheless, inadvertent production of any information that has not been designated as "Confidential" or "Highly

STIPULATED CONFIDENTIALITY ORDER

Confidential - Attorneys' Eyes Only" pursuant to this Order shall not waive a party's opportunity to claim that such information is confidential, nor shall the party be stopped from later designating such information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," if within ten (10) business days after actually discovering that such inadvertent production was made, the party designates the material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  Upon notification of the designation of material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the receiving party shall:  (a) take all reasonable steps to ensure that all known copies of such material it has disclosed to third parties are recovered and returned promptly to the producing party; (b) mark all summaries, abstracts and copies of the material in its possession accordingly; and (c) treat the Classified Information as set forth in this Order.

      7.     Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), may be designated by any party as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and is subject to the provisions of this Order.

      Any party may also designate information disclosed at such depositions as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by notifying all of the parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" thereafter. Unless previously designated as "Highly Confidential - Attorneys' Eyes Only," all deposition

STIPULATED CONFIDENTIALITY ORDER

transcripts shall be treated as "Highly Confidential - Attorneys' Eyes Only" for the thirty (30) day interim between receipt of the transcript and any specific designations subsequently made in accordance with this provision.

Nothing in this provision waives the right of any party or party representative to be present during depositions. Such persons, however, may be excluded from select portions of a deposition upon request by opposing counsel – based upon a good faith, reasonable belief – that questioning will elicit information that should be designated as "Highly Confidential - Attorneys' Eyes Only" as described in Paragraph 4 of this Order herein above.

8. In the event counsel for any party receives confidential information concerning the opposing party produced directly from a third party in response to subpoena, counsel for the receiving party shall promptly turn over a copy of such information, without redaction, unless subject to the attorney-client privilege or the attorney work product doctrine, to opposing counsel, and will treat such information as "Highly Confidential - Attorneys' Eyes Only" until both parties have had reasonable opportunity, not exceeding ten (10) business days, to review the information and to designate all or any part of the information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

9. Access to information or materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be restricted as follows:

(a) Information or materials designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, as defined below.

(b) Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in subparagraphs 10(a), 10(b), 10(c), 10(d), 10(e), 10(g) and 10(i) below.

(c) Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" may only be disclosed to Qualified Persons

described in subparagraph 10(h) below pursuant to a court order specifically authorizing said Qualified Person(s) to receive information or materials designated as "Highly Confidential - Attorneys' Eyes Only."

(d) Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Classified Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose to clients any material or information designated "Highly Confidential - Attorneys' Eyes Only" and not previously known by the client.

10. For the purposes of the restrictions on disclosure and access to Classified Information set forth in Paragraph 9, "Qualified Persons" means:

(a) the Court and its officers;

(b) court reporters engaged in this litigation;

(c) attorneys of record for the parties in this litigation (i.e., outside counsel only), outside counsel for the attorneys of record, personnel of counsels' respective law firms, including paralegals, legal assistants, and litigation support services;

(d) third parties engaged in the business of providing copy services (e.g., Kinko's), solely for the purpose of copying;

(e) actual or potential independent technical experts or consultants, and employees of such experts and consultants, who are not parties to this action or employees of parties to this actions;

(f) the receiving party or party representatives, including in-house counsel;

(g) mediators or arbitrators agreed to by the parties or as appointed by the Court to assist in resolving the issues between the parties;

(h) if the Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties; and

   (i) persons shown on the face of the document to have created or received it.

If Classified Information is to be disclosed to any experts under subparagraph 10(e) and person(s) under subparagraphs 10(h), such person(s) must first be provided a copy of this Order and must agree in writing to be bound by its terms prior to gaining access to any Classified Information, by executing a copy of the Nondisclosure Agreement in the form attached as <u>Appendix A</u>. The outside counsel for the party who has disclosed Classified Information to any third party will maintain all such written acknowledgements. Pursuant to this Order and the Nondisclosure Agreement, all such person(s) shall be bound by the terms of this Order, and shall not disclose or permit disclosure of the Classified Information thus received, other than pursuant to the terms of this Order. Under no circumstances shall any person within subparagraph 10(e) above be a recent employee of any party, a current employee of a competitor of any party, or have current or immediate plans to provide business services to the party receiving Classified Information, or a competitor of any party, through a consulting or similar type agreement. This written acknowledgement requirement does not apply to disclosures made pursuant to subparagraphs 10(a), 10(b), 10(c), 10(d), 10(g) and 10(i).

  **11.** Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order.

  **12.** Each Qualified Person to whom Classified Information is to be furnished, shown, or disclosed shall use said Classified Information solely for the purpose of this litigation and shall not communicate the information, directly or indirectly, to any other person, unless that person is also qualified to receive this information under the terms of this Order.

13. Documents falling under the protection of the attorney-client privilege, attorney work-product doctrine, or the accountant-client privilege which are inadvertently disclosed to an opposing party shall be immediately returned to the disclosing party. The opposing party shall immediately destroy all copies of the inadvertently disclosed documents. Any such document shall be regarded as not having been produced, and its inadvertent production shall not be cited as grounds for any claim of waiver of attorney-client privilege or work product immunity.

14. Notwithstanding anything to the contrary herein, nothing in this Order shall restrict a party's ability to use or disclose its own documents or proprietary information. Nothing herein shall prevent disclosure and use of information beyond the terms of this Order if each party designating the information as "Confidential" or "Highly Confidential Attorneys' Eyes Only" consents to such disclosure and use or, if the Court, after notice to all affected parties, authorizes such additional disclosures.

15. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude or prejudice a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the following procedure shall apply:

    (a)    If a party in good faith disagrees with another party's designation, it shall inform counsel for the designating party of the objection, in writing, served by facsimile, hand delivery, e-mail, or any other means otherwise agreed to, which shall describe the documents, information or designation at issue and shall state the grounds for the objection.

STIPULATED CONFIDENTIALITY ORDER

  (b) Within seven (7) business days of the service of any written objection or before use or disclosure of the Classified Information at issue, the objecting party and the designating party shall meet and confer in an effort to resolve any continuing dispute regarding the designation.

If the dispute cannot be resolved, the objecting party may apply to the Court by motion for a ruling that the information shall not be treated as designated by the producing party or other relief. The burden of proof shall be with the party asserting the confidentiality of the document. Until the Court rules upon such motion, the subject document shall be afforded the confidential treatment provided for in this Order.

  16. The parties may, by stipulation, provide for exceptions to this Order, but no modification by the parties shall have the force or effect of a Court order unless the Court approves the modification. Any party may seek an order of this Court modifying this Confidentiality Order.

  17. All information designated as Classified Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information shall be filed or lodged in accordance with the procedures stated in Local Rule 79-5. Upon default of the filing or lodging party properly to designate Classified Information and file or lodge such information in accordance with this Order, any party who in good faith believes that designation and filing under seal is required may do so within five days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties. Nothing in this provision relieves a party of liability for damages caused by failure to properly file such information under seal. This provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

**18.** Not later than twenty-one days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

**19.** Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings in this captioned matter involving or relating to documents or any other information shall be subject to the provisions of this Order.

**20.** Producing or receiving materials pursuant to this Order or otherwise complying with the terms of this Order, including designating or not designating any information "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall not:

   (a) operate as an admission by any party that any particular information does or does not contain or reflect trade secrets, or other proprietary and confidential matter; or

   (b) prejudice in any way the rights of any party to object on the basis of privilege or work-product doctrine, lack of relevance or on any other grounds, to the production of documents or information it considers not subject to discovery; or

   (c) prejudice in any way the rights of a party to seek a determination by this Court (i) whether particular information should be produced, or (ii) if produced, whether such information should be subject to the terms of this Order; or

   (d) prejudice in any way the rights of any party to object as to the admissibility of any evidentiary material; or

   (e) prejudice in any way the rights of a party to apply to this Court for a further protection relating to any information.

**21.** Except as otherwise ordered by the Court, after conclusion of this litigation and any appeal thereof and upon request by the other party, any document and all reproductions of documents designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" produced by a party, in the possession of any of the person qualified under Paragraphs 10(a) through (i) shall

STIPULATED CONFIDENTIALITY ORDER

be destroyed or returned to the producing party by a mutually agreed upon date. Outside counsel for the responding party, however, may maintain for its records a copy of all information and documents designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The terms of this Order, including all provisions restricting the communication and use of materials produced hereunder, shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this Order.

22.  The parties' obligations to preserve the confidentiality of Classified Information produced under this Order shall survive the final termination of this action.

23.  Any person or entity granted access to Classified Information hereunder who uses or discloses such information for any purpose other than as provided or permitted by the terms of this Order shall be subject to this Court's authority and jurisdiction, and to any relief the Court deems appropriate, including sanctions.

24.  In the event additional parties join or are joined in this Litigation, they shall not have access to Classified Information until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be bound by this Confidentiality Order.

25.  Within 60 days after the final disposition of this action, including appeals, each counsel of record shall, upon the request of a party: (a) promptly return to counsel of record for the designating party all information designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the designating party that such destruction has been done.

STIPULATED CONFIDENTIALITY ORDER

As an exception to the above, outside counsel of record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto. The copy of these retained documents shall be treated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

This Confidentiality Order is agreed to by the undersigned parties this 16th day of October, 2013.

| /s/ Michael D. Bednarek | /s/ Timothy L. Skelton |
|---|---|
| Michael D. Bednarek (admitted *pro hac vice*) <br> AXINN VELTROP & HARKRIDER LLP <br> 950 F Street, N.W. <br> Washington, D.C. 20004 <br> Telephone: (202) 912-4700 <br> Facsimile: (202) 912-4701 <br> Email: mdb@avhlaw.com <br><br> Thomas K. Hedemann (admitted *pro hac vice*) <br> AXINN VELTROP & HARKRIDER LLP <br> 90 State House Square 9th Floor <br> Hartford, CT 06103 <br> Telephone: (860) 275-8145 <br> Facsimile: (860) 275-8101 <br> Email: tkh@avhlaw.com | Allan E. Anderson (SBN 133672) <br> Timothy L. Skelton (SBN 200432) <br> ARENT FOX LLP <br> 555 West Fifth Street <br> 48th Floor <br> Los Angeles, CA  90013-1065 <br> Telephone: (213) 629-7400 <br> Facsimile: (213) 629-7401 <br> Email: allan.anderson@arentfox.com <br><br> timothy.skelton@arentfox.com <br><br> Attorneys for Defendant/Counterclaimant AMLOID CORPORATION |

Ben M. Davidson (SBN 181464)
DAVIDSON LAW GROUP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 473-2300
Facsimile: (310) 473-2941
Email: bdavidson@davidson-lawfirm.com

Attorneys for Plaintiffs MEGA Brands Inc.
and MEGA Brands America, Inc.

**IT IS SO ORDERED.**

THIS 23rd DAY OF OCTOBER, 2013.

_____
Arthur Nakazato
United States Magistrate Judge

## Appendix A

## **NONDISCLOSURE AGREEMENT**

I, _____, of _____ [full address], am currently employed by _____ as a/an _____, do solemnly swear that I have been provided with a copy of the Confidentiality Order (the "Order") entered in the case titled *Mega Brands Inc et al v. Amloid Corporation*, Civil Action No. 13-CV-00108-CJC-AN, pending in the United States District Court for the Central District of California, which I have fully read and understand.

I hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the referenced Court for purposes of enforcing this Agreement.

I hereby certify that I am not a recent employee of any party in *Mega Brands Inc et al v. Amloid Corporation*, a current employee of a competitor of any party in this case, or have current or immediate plans to provide business services to any party receiving Classified Information, or a competitor of any party, through a consulting or similar type agreement.

I understand and acknowledge that the documents and information given confidential treatment under the Order shall be used by me only in testifying or assisting counsel in preparing and conducting the litigation of the above-referenced case and not for any business, personal or other purposes whatsoever. I agree not to discuss, disclose, or otherwise reveal information subject to the Order to anyone, except persons who also are permitted access to the materials and information protected by the Order.

STIPULATED CONFIDENTIALITY ORDER

```
SIGNED: _____
NAME PRINTED: _____
DATED: _____
```